[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15058
Non-Argument Calendar

_____

D. C. Docket No. 04-01785-CV-ORL-22-JGG

VITO MONACO,

Plaintiff-Appellant,

versus

TANNING RESEARCH LABORATORIES, INC.,
d.b.a. Hawaiian Tropic,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 13, 2007)

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Vito Monaco, an employee over 40 years of age, appeals the summary

judgment in favor of his employer, Tanning Research Laboratories, Inc., and against his complaint under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634. Monaco argues that Tanning discriminated against him when it reduced his salary and when it promoted a younger person instead of Monaco. We affirm.

## I. BACKGROUND

We describe the facts, as we must, in the light most favorable to Monaco. Monaco worked for Tanning as a production maintenance engineer. He oversaw plant maintenance and equipment purchasing, managed the filling department of the production line, and earned a salary of over $74,000 per year.

In November 2003, when Monaco was 67 years old, company executives called Monaco and the manager of the batching department of the production line, 52-year-old Tim Domescik, to a meeting. The executives told Monaco that, as part of the company's restructuring efforts, Monaco's and Domescik's departments would be combined under the management of Domescik. Both men were told that they were receiving lateral transfers and their pay would not change, but Domescik received an increase in his salary. In his new position, Monaco's management responsibilities were limited to the maintenance and purchasing of plant facilities and equipment, and his salary was decreased in April 2004 to $60,000. The

2

company contends that Domescik was more qualified for the joint batching-filling position because he had experience in batching, the more complicated process, and Monaco's salary was decreased because he had fewer responsibilities. Other production line management positions were also eliminated during the restructuring.

In June 2004, Monaco applied for a newly created plant manager position, which involved overseeing the entire production line. The two candidates Tanning considered for the position were Monaco and Steve Pursel, who was 46 years old. Pursel received an initial interview and Monaco did not, which the company explains was because Tanning executives already knew Monaco well. According to the company, Pursel was hired because he was a stronger candidate and had a master's degree in business administration. Monaco had attended college for one year and had no educational background in business.

After filing a charge with the Equal Employment Opportunity Commission, Monaco sued Tanning for reducing his salary and not promoting him to plant manager. Tanning moved for summary judgment, and the district court granted summary judgment against Monaco's complaint.

## II. STANDARD OF REVIEW

We review a grant of summary judgment <u>de novo</u> and view the evidence in

the light most favorable to the nonmoving party. Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). Summary judgment should be granted if "the pleadings, depositions, answers to interrogations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

### III. DISCUSSION

Monaco relies on circumstantial evidence to support his complaint of age discrimination, and we will assume, without deciding, that Monaco established a prima facie case of discrimination regarding both the salary reduction and the promotion. If an ADEA plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 1824-25 (1973); Chapman, 229 F.3d at 1024. If the employer articulates a legitimate, nondiscriminatory reason for its actions, the presumption of discrimination is rebutted, and the burden of production shifts to the plaintiff to offer evidence that "the reasons given by the employer were not the real reasons for the adverse employment decision." Chapman, 229 F.3d at 1024. We will not re-examine the company's decisions about how to structure its business, and "[our]

4

inquiry is limited to whether the employer gave an honest explanation of its behavior." Id. at 1030 (citations and internal quotation marks omitted).

Tanning proffered legitimate, nondiscriminatory reasons for both the pay reduction and the promotion. With respect to the salary reduction, Tanning presented evidence that Domescik was more qualified for the batching-filling position and Monaco had fewer responsibilities in his new position. With respect to the plant manager position, Tanning presented evidence that Pursel was more qualified for the job and received the additional interview because the Tanning executive did not know Pursel.

Monaco's argument that the reasons given for his reduction in responsibilities and pay were pretextual fails. He argues that Domescik performed poorly in the batching department and Monaco's salary reduction was unprecedented in the history of the plant. These arguments do not rebut the legitimate, nondiscriminatory reasons proffered by the company for the reduction in Monaco's responsibilities and pay. See id. at 1030; Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 771 (11th Cir. 2005) (plaintiff must "reveal such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence"). Monaco also argues that the salary

5

decision was a discriminatory effort by Tanning to force him to resign, but he has presented no evidence to support that theory.

With respect to his failure to promote claim, Monaco's argument about pretext also fails. Monaco argues that Pursel received an initial interview and questionnaire but Monaco did not. Because Monaco does not dispute that the company was already familiar with his background and qualifications, this argument does not rebut the legitimate, nondiscriminatory reason proffered by Tanning. See Lee v. GTE Fla., Inc., 226 F.3d 1249, 1255 n.2. Monaco also contends that the company failed to follow objective standards in its hiring decision, but that bare assertion does not rebut the legitimate reason proffered by Tanning.

## IV. CONCLUSION

The summary judgment against Monaco's complaint is

**AFFIRMED.**